**TOOP et al. v. ULYSSES LAND CO. et al.**

(District Court, D. Nebraska, Lincoln Division.    June 18, 1913.)

No. 26.

Aliens ⬩⬩⬩9—Nonresident aliens cannot inherit land from citizen under Nebraska statute.

Comp. St. Neb. 1911, c. 73, § 70, providing that nonresident aliens may not take or hold title to real estate by descent or devise, except that the widow and heirs of aliens who have heretofore acquired lands under the laws of the state may hold the same by devise or descent for 10 years, at the end of which time the lands shall escheat, unless they have been sold or the alien heirs have become residents of the state, is not in conflict with article 1, § 25, of the state Constitution, providing that "no distinction shall ever be made by law between resident aliens and citizens in reference to the possession, enjoyment, or descent of property" since the prohibition is directed only against nonresident aliens, and under such statute lands of a citizen, dying intestate do not descend to his heirs who are nonresident aliens.

At Law.    Action by William Toop and others against the Ulysses Land Company and others.    Judgment for defendants.

Appeal dismissed for want of jurisdiction by Supreme Court, 237 U. S. 580, 35 Sup. Ct. 739, 59 L. Ed. 1127.

Bulkley, More & Tallmadge, of Chicago, Ill., and Crane & Boucher, of Omaha, Neb., for plaintiffs.

Hall & Bishop, of Lincoln, Neb., for defendants.

THOMAS C. MUNGER, District Judge.    The question presented in this case is whether, under the laws of Nebraska, the lands (not within the corporate limits of a city or town) of a citizen who died intestate, July, 1898, descended to nonresident aliens, subjects of the kingdom of Great Britain, who would have been heirs but for such alienage.    It is unnecessary to consider the provisions of the treaty be-

---

⬩⬩⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tween the United States and Great Britain, because it was not ratified until the year following the death of the intestate, and had no retroactive effect. At the time of intestate's death, a statute of Nebraska provided as follows:

"Nonresident aliens and corporations not incorporated under the laws of the state of Nebraska, are hereby prohibited from acquiring title to or taking or holding any lands or real estate in this state by descent, devise, purchase, or otherwise, only as hereinafter provided, except that the widow and heirs of aliens who have heretofore acquired lands in this state under the laws thereof, may hold such lands by devise or descent for a period of ten (10) years and no longer, and if at the end of such time herein limited, such lands, so acquired, have not been sold to a bona fide purchaser for value, or such alien heirs have not become residents of this state, such lands shall revert and escheat to the state of Nebraska, and it shall be the duty of the county attorney in the counties where such lands are situated, to enforce forfeitures of all such lands as provided by this act." Section 70, c. 73, Comp. Stats.

It is contended that this statute should be construed so that it would read as if the words "or citizens" were inserted in the exception, making the excepting clause to read:

"Except that the widows and heirs of aliens or citizens who have heretofore acquired lands in this state," etc.

The statute as it exists is not open to such an interpolation. In Wunderle v. Wunderle, 144 Ill. 40, 33 N. E. 195, 19 L. R. A. 84, an almost identical statute was under consideration. The court said:

"It is urged that the act of 1887 should be liberally construed, and that such liberal construction would have the effect of extending the exception named in section 1 to the alien heirs of citizens, as well as to the heirs of aliens. In other words, we are asked to so construe the exception as to give the nonresident alien kindred of citizens the right to take lands by descent or devise, and hold the same for three or five years so as to make sale, or acquire an actual residence in the state. This would involve the insertion of the words 'and the alien heirs of citizens' after the words 'except that the heirs of aliens.' By such a construction we would make the Legislature say what it has not said. It is not the province of the judiciary to make laws, but to construe and interpret them and pass upon their validity. But here the Legislature has expressly declared that the heirs of certain aliens shall take and hold land for limited periods subject to the privilege of avoiding their escheat to the state by a sale of them, or by acquiring an actual residence in the state, within said periods. But the act of 1887 nowhere declares, nor is there anything on its face to indicate that the Legislature intended thereby to declare, that the nonresident alien kindred of citizens should so take and hold lands for certain periods."

It is claimed that this construction of the statute makes it in violation of section 25 of article 1 of the Constitution of Nebraska, which reads as follows:

"No distinction shall ever be made by law between resident aliens and citizens in reference to the possession, enjoyment, or descent of property."

This contention is based upon the premise that this statute, so construed, grants to an alien (whether resident or nonresident) the right to have his title to lands, theretofore acquired, to descend or to be devised, to either resident or nonresident aliens, while citizens' lands can only be so transmitted to resident aliens. This is a misconception of

the statute. There is no prohibition of the right of resident aliens to acquire lands mentioned in this statute, but there is a grant of the right of acquisition to nonresident aliens from aliens. In other words, there is a prohibition directed against nonresident aliens, with an exception in favor of nonresident heirs or devisees of aliens then owning lands. A resident alien may acquire title to property in Nebraska by inheritance or devise from a citizen because there is no statute denying such right. A resident alien may also acquire title to such property by inheritance or devise from aliens who owned the same before the passage of this act, because there is no statute denying such right. The statute in question, in its beginning words, is plainly leveled only against nonresident aliens. Hence the exception, being something carved out of the grant, only applies to nonresident aliens. This is demonstrated by the following provision, which refers to the right of such nonresident heirs or devisees to become residents of the state and thereby to continue to hold such lands, a provision that is needless, if the statute refers to resident aliens. As thus construed, the statute makes no discrimination between the rights of resident aliens and of citizens to the possession, enjoyment, or descent of property, and the resident alien may either acquire or transmit title to lands on the same terms as a citizen.

As the plaintiffs are nonresident alien heirs of a citizen, the statute, forbade their inheritance of the lands in controversy, and judgment will be entered for the defendants.